**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SIERRA MORGAN | : | |
| 7200 Marion Ave., Unit 6-35 | : | |
| Levittown, PA 19055 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | |
| | : | |
| DASMEN RESIDENTIAL, LLC *d/b/a* | : | |
| LAVANA FALLS | : | **JURY TRIAL DEMANDED** |
| 581 Franklin Turnpike | : | |
| Ramsey, NJ 07446 | : | |
| and | : | |
| DASMEN HR, LLC | : | |
| 581 Franklin Turnpike | : | |
| Ramsey, NJ 07446 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Sierra Morgan (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Dasmen Residential, LLC *d/b/a* Lavana Falls and Dasmen HR, LLC (*hereinafter* collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.)/the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein (in part) under Title VII/PDA and the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address set forth in the caption.

---

of same because of the date of issuance of her federal right-to-sue-letter under Title VII/PDA and the ADA.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII/PDA and the ADA.

8.      Dasmen Residential, LLC *d/b/a* Lavana Falls and Dasmen HR, LLC comprise a property management and investment company that owns and operates multi-family properties in several states throughout the United States (including Pennsylvania), with an address set forth in the caption.  Plaintiff was hired through and at all times relevant herein worked out of the Lavana Falls apartment property located at 7200 Marion Avenue, Levittown, Pennsylvania.

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is a female individual.

13.     Plaintiff was hired by Defendants on or about June 3, 2019 as a leasing consultant at its property, Lavana Falls (an apartment complex), located in Levittown, Pennsylvania.

14.     In or about October of 2019, Plaintiff moved into an apartment at the Lavana Falls complex.

15.     Plaintiff was primarily supervised by Property Manager, Abraham Lowenthal (*hereinafter* "Lowenthal") and generally supervised by Regional Manager, Jeremy Baum (*hereinafter* "Baum").

16.    Throughout her employment with Defendants, Plaintiff was a hard-working employee who performed her job well.

17.    At the time Plaintiff began her employment with Defendants, she informed Defendants that she pregnant and due to have her child on or about January 9, 2020.

18.    However, Plaintiff unexpectedly delivered her child approximately one month early on December 9, 2019.

19.    While in the hospital following the delivery of her newborn son, Plaintiff completed short-term disability ("STD") paperwork and was scheduled to return to work or on about January 21, 2020.

20.    Immediately following his birth, Plaintiff's newborn son was transferred to the Neonatal Intensive Care Unit ("NICU") because he was born premature and the doctors discovered an arachnoid cyst (a brain cyst).

21.    Following Plaintiff's newborn son's discharge from the hospital, he was referred to Children's Hospital of Philadelphia ("CHOP") for further evaluation.

22.    Because Plaintiff's son is very young and has other health conditions, he requires more doctors' visits than a normal newborn, as his brain cyst needs to be continuously monitored, and at all times relevant hereto, Defendants' management was aware of her son's serious health conditions.

23.    Plaintiff was released to return to work by her doctor on or about January 22, 2020.

24.    On or about January 21, 2020, Plaintiff informed the Baum that her doctor had cleared her to return to work starting January 22, 2020.  Baum instructed Plaintiff to contact Human Resources ("HR").

25.    Thereafter, as per Baum's instructions (*see* Paragraph 24, *supra*), Plaintiff contacted HR Manager, Melanie Barba (*hereinafter* "Barba") and informed her that Plaintiff's

4

doctor had cleared her to return to work on January 22, 2020.   Barba dismissively responded to Plaintiff, stating "There is a lot going on this week at Lavana Falls and we will need a few days to prepare.  Are you available to touch base on Friday? The morning works best for me but I can be available in the early afternoon if that work better for you.  Just please let me know!"  Plaintiff was further advised that it was "up to" Defendants (not her physician) when she was able to return to work.

26.     Plaintiff was thereafter advised to call HR on Friday, January 24, 2020, to further discuss her return to work.  As a result, Plaintiff was kept out of work on January 22, January 23, and January 24.

27.     On or about January 24, 2020, Plaintiff contacted Barba (Baum was also on the phone but did not speak), who informed her that she was being terminated from her employment with Defendants for violating the terms of her lease agreement (failing to pay rent for November of 2019, December of 2019, and January of 2020, in a timely manner).

28.     Defendants' management was well aware of Plaintiff's premature delivery and her son's aforesaid health conditions; yet, not one member of Defendants' management mentioned to Plaintiff while she was out on maternity that that if she didn't pay her rent by a certain date, she would be terminated from her employment.

29.     While Plaintiff was asked when she would be paying her rent by Baum a few times, he only every stated that Defendants would file eviction proceedings if she didn't pay (termination of employment was never mentioned).

30.     Moreover, on January 15, 2020, Plaintiff paid her November, December, and January rent; thereafter, on January 24, 2020, just before she was informed of her termination, Plaintiff paid all late and legal fees associated with eviction charges.   Nonetheless, immediately after Plaintiff paid everything that she owed by way of rent and other fees, she was abruptly

informed by Barba that she was being terminated.

31.     Defendants purported reason for her termination – failing to pay her rent on time – is completely pretextual because (1) Plaintiff consistently worked hard for Plaintiff and performed her job well; (2) Plaintiff paid all of her outstanding rent prior to her termination; (3) Plaintiff personally knows of at least one other employee who lived at the same apartment complex, who did not pay her rent on time (on at least two different occasions) but she was not terminated like Plaintiff (nor was the other employee ever threatened with termination); and (4) the only differences between Plaintiff and the other employee who did not pay her rent on time were that Plaintiff was pregnant and/or just had a child, was out on disability/maternity leave, and had just given birth to a child with disabilities.

32.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated from her employment with Defendants due to her pregnancy and/or because Defendants negatively associated her with her son's disabilities.

**COUNT I**
**Violations of Title VII/PDA**
**([1] Pregnancy Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Upon her hire, Plaintiff informed Defendants that she pregnant and due to have her child on or about January 9, 2020.

35.     Plaintiff unexpectedly delivered her child approximately one month early on or about December 9, 2019.

36.     While in the hospital following the delivery of her newborn son, Plaintiff completed short-term disability ("STD") paperwork and commenced disability/maternity leave with an expected return to work date of January 21, 2020.

6

37.     Plaintiff was released to return to work by her doctor on or about January 22, 2020.

38.     Plaintiff was abruptly terminated on or about January 24, 2020 for pretextual reasons – failing to timely pay her rent.

39.     Upon Plaintiff's information and belief, at least one other employee who lived at the same apartment complex, did not pay her rent on time (on at least two different occasions), but she was not terminated like Plaintiff (nor was the other employee ever threatened with termination).

40.     The only differences between Plaintiff and the aforesaid other employee who did not pay her rent on time were that Plaintiff was pregnant and/or just had a child, was out on disability/maternity leave, and had just given birth to a child with disabilities.

41.     Therefore, Plaintiff believes and avers that she was subjected to a hostile work environment and terminated from Defendants because of her pregnancy and/or her disability/maternity leave.

42.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII/PDA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**(Associational Disability Discrimination)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff's newborn son suffered from qualifying health conditions under the ADA, including but not limited to an arachnoid brain cyst and other health conditions and complications.

45.     Defendants knew of Plaintiff's son's disabilities at the time of her termination.

46.     Plaintiff was terminated by Defendants shortly after she apprised Defendants of her son's disabilities and his need for additional medical treatment and doctors' appointments.

47.     Upon information and belief, Plaintiff believes and therefore avers that she was subjected to a hostile work environment, and ultimately terminated by Defendants for: (a) being perceived as distracted for dealing with her son's health problems in and outside of work; (b) being perceived as eventually having to take protected FMLA leave to care for her son's health problems; and/or (c) for other reasons in association with her son's health problems.

48.     These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation; and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 17, 2020

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Sierra Morgan | CIVIL ACTION |
| v. | |
| Dasmen Residential, LLC d/b/a Lavana Falls, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| 9/17/2020 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRIC COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff  to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  7200 Marion Aveue, Unit 6-35, Levittown, PA 19055

Address of Defendant:  581 Franklin Turnpike, Ramey, NJ 07446

Place of Accident, Incident or Transaction:  Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when  *Yes*  is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year       Yes ☐       No ☒
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐       No ☒
    pending or within one year previously  terminated action in this court?

3.  Does this case involve the validity or infringement of a patent  already in suit or any earlier         Yes ☐       No ☒
    numbered case pending or within one year previously  terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights       Yes ☐       No ☒
    case filed by the same individual?

I certify that, to my knowledge, the within case   ☐ is  /  ☒ is not   related to any case now pending or within one year previously terminated action in
this court except as noted above.

DATE:  9/17/2020                                                                              ARK2484 / 91538
                                      *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*                                      **B.**   *Diversity Jurisdiction Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts      ☐  1.   Insurance Contract and Other Contracts
☐  2.   FELA                                                              ☐  2.   Airplane Personal Injury
☐  3.   Jones Act-Personal Injury                                         ☐  3.   Assault, Defamation
☐  4.   Antitrust                                                         ☐  4.   Marine Personal Injury
☐  5.   Patent                                                            ☐  5.   Motor Vehicle Personal Injury
☐  6.   Labor-Management Relations                                        ☐  6.   Other Personal Injury *(Please specify):* _____
☒  7.   Civil Rights                                                      ☐  7.   Products Liability
☐  8.   Habeas Corpus                                                     ☐  8.   Products Liability – Asbestos
☐  9.   Securities Act(s) Cases                                           ☐  9.   All other Diversity Cases
☐  10.  Social Security Review Cases                                              *(Please specify):* _____
☐  11.  All other Federal Question Cases
        *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Ari R. Karpf                                      , counsel of record  *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE:  9/17/2020                                                                              ARK2484 / 91538
                                      *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MORGAN, SIERRA | DASMEN RESIDENTIAL, LLC D/B/A LAVANA FALLS, ET AL. |

**(b)**  County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☒ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADA (42USC12101)
Brief description of cause:
Violations of Title VII, ADA and PA Human Relations Act.

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII.  RELATED CASE(S) IF ANY
*(See instructions)*:    JUDGE _____    DOCKET NUMBER _____

DATE    9/17/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print        Save As...        Reset