IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIERRA MORGAN, | : | |
| *Plaintiff*, | : | Civil Action No. 20–4542 |
| vs. | : | |
| DASMEN RESIDENTIAL, LLC, et al. | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

### DEFENDANTS DASMEN RESIDENTIAL, LLC AND DASMEN HR, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Dasmen Residential, LLC, and Dasmen HR, LLC, ("Defendants") by and through their counsel, hereby answer Plaintiff's Complaint ("Complaint") as follows:

### INTRODUCTION

1. Admitted in part, denied in part. It is admitted only that this action was initiated by Sierra Morgan (hereinafter referred to as "Plaintiff") against Defendants and that Plaintiff purports to bring claims for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). It is specifically denied that Defendants are liable pursuant to the statutes and legal authorities cited. All remaining allegations of this paragraph are specifically denied.

### JURISDICTION AND VENUE

2. The allegations of paragraph 2 of the Complaint are conclusions of law to which no response is required.

3. The allegations of paragraph 3 of the Complaint are conclusions of law to which no response is required.

1

4. The allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. The allegations of paragraph 5 of the Complaint are conclusions of law to which no response is required.

**PARTIES**

6. Defendants incorporate by reference their responses to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Admitted in part; denied in part. It is admitted that Plaintiff is an adult individual. It is denied that Plaintiff resides in Unit 6-35 at the address set forth in the caption. By way of further response, Plaintiff's Unit Number is 635.

8. Denied as stated. It is admitted only that Defendant Dasmen Residential, LLC is a real estate investment and management firm that owns and operates multi-family properties in several states throughout the United States, including the Lavana Falls property located at 7200 Marion Ave, Levittown, Pennsylvania, 19055 and that Defendant Dasmen HR, LLC does business as Dasmen Residential. It is admitted that Defendants are based out of Ramsey, New Jersey at the address identified in the caption for each defendant. By way of further response, Plaintiff was hired by Dasmen Residential on June 3, 2019 as a Leasing Manager for the Lavana Falls property. All remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

9. The allegations of paragraph 9 of the Complaint are conclusions of law to which no response is required. To the extent that the allegations of paragraph 9 attempt to plead facts, said facts are denied.

10. The allegations of paragraph 10 of the Complaint are conclusions of law to which no response is required. To the extent that the allegations of paragraph 10 attempt to plead facts, said facts are denied.

**FACTUAL BACKGROUND**

11. Defendants incorporate by reference their responses to paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. Admitted.

13. Denied as stated. It is admitted that Plaintiff was hired on or about June 3, 2019 as a Leasing Manager at Defendant's Lavana Falls property, located in Levittown. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

14. Denied as stated. Plaintiff entered into a Lease Agreement for residence at Lavana Falls, 7200 Marion Ave, Unit Number 635, Levittown, Pennsylvania, 19055, beginning on September 1, 2019. Plaintiff signed and submitted the Lease Agreement on August 8, 2019. Plaintiff signed the Dasmen Associate Lease Addendum on August 16, 2019. All remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

15. Denied as stated. It is only admitted that Plaintiff reported to Property Manager, Abraham "Avi" Lowenthal and Mr. Lowenthal reported to Regional Vice President, Jeremy Baum. All remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

16. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

17. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

18. Defendant has no knowledge as to the truth of the allegations of this paragraph and therefore can neither admit nor deny the same. To the extent that the allegations of paragraph 18 attempt to plead material facts, said facts are denied and strict proof thereof is demanded.

19. Denied as stated. It is admitted only that Plaintiff dated, signed and completed disability paperwork on December 8, 2019. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

20. Defendant has no knowledge as to the truth of the allegations of this paragraph and therefore can neither admit nor deny the same. To the extent that the allegations of paragraph 20 attempt to plead material facts, said facts are denied and strict proof thereof is demanded.

21. Defendant has no knowledge as to the truth of the allegations of this paragraph and therefore can neither admit nor deny the same. To the extent that the allegations of paragraph 21 attempt to plead material facts, said facts are denied and strict proof thereof is demanded.

22. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded. By way of further response, it is specifically denied that Defendants were aware of Plaintiff's son's allegedly "serious health conditions."

23. Denied as stated. It is admitted only that on January 20, 2020, Plaintiff contacted Melanie Barba, HR Manager at Defendant Dasmen Residential and provided her with a doctor's note which advised that Plaintiff was physically able to return to work on January 22, 2020 with no restrictions. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

24. Denied as stated. It is admitted only that on January 20, 2020, Plaintiff contacted Melanie Barba, HR Manager at Defendant Dasmen Residential and provided her with a doctor's note which advised that Plaintiff was physically able to return to work on January 22, 2020 with

no restrictions. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

25. Denied as stated. It is admitted only that on January 20, 2020, Plaintiff contacted Melanie Barba, HR Manager at Defendant Dasmen Residential and provided her with a doctor's note which advised that Plaintiff was physically able to return to work on January 22, 2020 with no restrictions. Ms. Barba's written response to Plaintiff, as quoted in this paragraph, speaks for itself and any characterization thereof is strictly denied. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

26. Denied as stated. It is admitted only that Ms. Barba advised Plaintiff that she would touch based with Plaintiff on Friday, January 24, 2020. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

27. Denied as stated. It is admitted only that on January 24, 2020, Ms. Barba informed Plaintiff that her employment was terminated, effective immediately, due to violation of the terms outlined in Plaintiff's Lease Agreement. Plaintiff failed to timely pay her rent in November 2019, December 2019, and January 2020 without explanation or permission and thereby breached of the terms and conditions of the Lease Agreement. In addition, the Dasmen Associate Lease Addendum, signed by Plaintiff, provided that if Plaintiff defaulted on any terms and conditions within the Lease Agreement Defendant reserved the right to terminate Plaintiff's employment.

28. Denied. It is specifically denied that Defendant had any knowledge of Plaintiff's "premature" delivery or her son's alleged health conditions. By way of further response, Plaintiff signed her Lease Agreement and the Dasmen Associate Lease Addendum and was, therefore, aware that failure to timely pay rent according to the terms and conditions of the Lease Agreement was grounds for termination of her employment as per the Dasmen Associate Lease Addendum.

29. Denied as stated. Plaintiff was contacted numerous times by Mr. Baum about her failure to timely pay her required monthly rental payments in November 2019, December 2019 and January 2020. On multiple occasions throughout November, December, and January, Plaintiff promised Mr. Baum that she would pay her rent but continually failed to do so. Plaintiff never offered any explanation for her failure to pay rent in a timely manner. By way of further response, Plaintiff signed her Lease Agreement and the Dasmen Associate Lease Addendum and was, therefore, aware that failure to timely pay rent according to the terms and conditions of the Lease Agreement was grounds for termination of her employment as per the Dasmen Associate Lease Addendum.

30. Denied as stated. It is only admitted that Plaintiff made payments towards her rent and associated fees on January 15, 2020 and January 24, 2020 and that Plaintiff's employment was terminated on January 24, 2020 for violation of the terms outlined in Plaintiff's Lease Agreement, and pursuant to the provisions of the Dasmen Associate Lease Addendum that she signed. Plaintiff's continued delinquency and her conduct in violation of the terms of her Lease Agreement on multiple occasions was contrary to the job responsibilities and duties of her position as a Leasing Manager, in which she was expected hold tenants accountable for their leasing obligations and timely payment of rent. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

31. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded. By way of further response, Defendant specifically denies knowledge of any Leasing Manager, besides Plaintiff, who failed to pay rent for multiple months in a row.

32. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

**COUNT I**
**Violations of Title VII/PDA**
**([1] Pregnancy Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

33. Defendants incorporate by reference their responses to paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

35. Defendant has no knowledge as to the truth of the allegations of this paragraph and therefore can neither admit nor deny the same. To the extent that the allegations of paragraph 35 attempt to plead material facts, said facts are denied and strict proof thereof is demanded.

36. Denied as stated. It is admitted only that Plaintiff dated, signed and completed disability paperwork on December 8, 2019. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

37. Denied as stated. It is admitted only that on January 20, 2020, Plaintiff contacted Melanie Barba, HR Manager at Defendant Dasmen Residential and provided her with a doctor's note which advised that Plaintiff was physically able to return to work on January 22, 2020 with no restrictions. The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

38. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

39. Denied. It is specifically denied that any other employee, employed in the position of Leasing Manager like Plaintiff, failed to pay rent on time and was not terminated.

40. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

41. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

42. The allegations of paragraph 42 of the Complaint are conclusions of law to which no response is required. It is specifically denied that Defendants violated Title VII or the PDA.

### COUNT II
### Violations of the Americans with Disabilities Act as Amended ("ADA")
### (Associational Disability Discrimination)

43. Defendants incorporate by reference their responses to paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. Defendant has no knowledge as to the truth of the allegations of this paragraph and therefore can neither admit nor deny the same. To the extent that the allegations of paragraph 44 attempt to plead material facts, said facts are denied and strict proof thereof is demanded.

45. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

46. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

47. Denied. The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

48. The allegations of paragraph 48 of the Complaint are conclusions of law to which no response is required. It is specifically denied that Defendants violated the ADA.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant Dasmen Residential did not interfere with or retaliate against Plaintiff in violation of Title VII, the PDA, ADA, or PHRA.

3. Defendant Dasmen HR did not interfere with or retaliate against Plaintiff in violation of Title VII, the PDA, ADA, or PHRA.

4. Plaintiff did not suffer an adverse employment action in violation of Title VII, the PDA, ADA, or PHRA.

5. Defendants had legitimate non-discriminatory reasons for terminating Plaintiff.

6. Defendant terminated Plaintiff per the Dasmen Associate Lease Addendum based on Plaintiff's breach of the terms and conditions of her Lease Agreement by failing to pay her November 2019, December 2019, and January 2020 rent, or any portion thereof during the months at issue, in a timely manner without explanation or permission.

7. Defendants did not discriminate against Plaintiff because of her pregnancy.

8. Defendants had no knowledge of Plaintiff's association with a relative with an alleged disability.

9. Plaintiff's association with a relative with an alleged disability was never a determining factor in Defendant's decision to terminate Plaintiff.

10. Plaintiff was not entitled to a reasonable accommodation based on her association with a relative with an alleged disability.

11. Plaintiff's claims are barred or limited based upon Plaintiff's own actions.

12. At all times relevant hereto, Defendant acted without malicious intent and acted in good faith and with reasonable justification or belief in the legality and lawfulness of its actions and its actions were reasonable considering all of the circumstances.

13. If it is determined that Plaintiff suffered damages, which Defendant specifically denies, Plaintiff's damages are barred in whole or in part by the failure of Plaintiff to mitigate her damages.

                            **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
            RONDA K. O'DONNELL
            Attorney ID No. 47603
            2000 Market Street, Suite 2300
            Philadelphia, PA  19103
            P: (215) 575-2697/F: (215) 575-0856
            E-mail:  rkodonnell@mdwcg.com

            *Attorney for Defendants*

Dated: November 16 , 2020

## CERTIFICATE OF SERVICE

I, Ronda K. O'Donnell, Esquire, do hereby certify that a true and correct copy of the Answer to Complaint, was electronically filed with the Court on November 16, 2020, and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**


BY: _____
RONDA K. O'DONNELL
*Attorney for Defendant*